### In re FAIRCHILD AIRCRAFT CORPORATION, Debtor.

Bettina M. WHYTE, Fiscal Agent, Merlin Express, Inc., Fairchild Gen–Aero, Inc. and Texas National Airlines, Plaintiff,

v.

GMF INVESTMENTS, INC., et al., Defendants.

Bankruptcy No. 90–50257–C.

Adv. No. 90–5269C.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

June 25, 1991.

---

Sheinfeld, Maley & Kay, P.C. by Walter B. Thurmond, Houston, Tex., for Bettina M. Whyte, Fiscal Agent.

Cox & Smith by Deborah Williamson, San Antonio, Tex., for Merlin Exp., Inc., Fairchild Gen–Aero, Inc. and Tex. Nat. Airlines.

Matthews & Branscomb by Charles J. Muller, San Antonio, Tex., for Deloitte & Touche and T. Charles Parr.

## ORDER CLARIFYING THIS COURT'S APRIL 5, 1991 DECISION AND ORDER ON MOTION OF PLAINTIFF TO STRIKE CROSS–CLAIMS AND COUNTERCLAIMS

LEIF M. CLARK, Bankruptcy Judge.

On May 28, 1991, this Court requested counsel for Bettina M. Whyte, Fiscal Agent, Merlin Express, Inc., Fairchild Gen–Aero, Inc., Texas National Airlines (collectively the "Plaintiffs") and GMF Investments, Inc. ("GMFI") to deliver an order to this Court clarifying this Court's April 5, 1991 Decision and Order on Motion of Plaintiff to Strike Cross–Claims and Counterclaims (the "Decision and Order"), 126 B.R. 717. Counsel for GMFI and the Plaintiffs have agreed as follows:

1. The Decision and Order, at page 724, stated the following:

> If the defendants had any true conviction that the consolidated returns were improperly completed (as they broadly suggest), the most obvious (and perhaps only) remedy would be for them to file an amended consolidated return. Instead, the defendants are expecting this Court to determine that the consolidated returns were improperly completed (warranting an allocation of the refund different from that suggested from the figures in the return), without making the Internal Revenue Service a party. In essence, the defendants invite this Court to permit the parties to present the IRS with one set of figures, and this Court with another set. This Court will not consider any different figures than those presented to the IRS, which means that the parties will be bound by the figures in the current return unless they elect to file an amended return. To adopt any other course is to issue an open invitation to the Commission of tax fraud.

2. GMFI and its aligned entities believe that the corporate consolidated income tax returns for the fiscal years ending September 30, 1988 and 1989 were incorrectly pre-

pared. Based upon the discovery completed to date, GMFI and its aligned entities believe that the consolidated corporate income tax returns for the fiscal years ending September 30, 1988 and 1989 are incorrect because Fairchild Aircraft Corporation ("FAC") deducted expenses and losses attributable to Air Kentucky Airlines, Inc. which should have been deducted by GMFI or one of its aligned entities. The GMFI discovery responses have indicated that this reallocation of expenses is necessary in order to properly reflect their claim to the disputed tax refunds. GMFI does not believe that it can litigate its claim to the disputed tax refunds in light of the quote from the Decision and Order in the preceding paragraph.

3. The Plaintiffs do not believe that the April 5, 1991 Decision and Order has limited, subject to all appropriate evidentiary objections, the ability of any of the parties to this adversary proceeding to present any evidence in support of their respective claims to the income tax refunds or in support of any cross-claims or counterclaims. [Editor's Note: Paragraph 4 has been omitted from publication by the court.]

■ 5. This Court finds, based upon the stipulation made by the Plaintiffs that none of the parties will be limited or prevented from offering, subject to all appropriate evidentiary objections, any evidence relating to their claims to the disputed tax refunds and the cross-claims or counterclaims and that its April 5, 1991 Decision and Order should be clarified and amended. Accordingly, it is therefore

ORDERED that this Court's April 5, 1991 Decision and Order on Motion of Plaintiff to Strike Cross-Claims and Counterclaims is hereby clarified as follows: [Editor's Note: Paragraph 1 has been omitted from publication by the court.]

ORDERED that all of the parties to this litigation, regardless of their designation as plaintiff or defendant, shall be allowed to present all necessary evidence, subject to all appropriate evidentiary objections, which form the basis for their respective claims to the disputed tax refunds or in

support of any counterclaims or cross-claims. Any conclusions of fact or law made by this Court in its Decision and Order on Motion of Plaintiff to Strike Cross-claims and Counterclaims filed April 5, 1991, particularly in the quoted paragraph above, shall not be interpreted by this Court or any of the parties to this adversary proceeding as a limitation on the scope of the nature of the claims or the nature or the extent of the evidence which this Court will consider in determining the ownership of the disputed tax refunds or the merits of the counterclaims and cross-claims. It is further

■ ORDERED that in light of these findings, this Court orders that none of the parties shall file with the Internal Revenue Service amended corporate income tax returns for the fiscal years ending September 30, 1988 or 1989 until the resolution of this adversary proceeding or unless they have first sought and obtained leave of this Court to file such a tax return.